UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
BARBARA KAWA, THERESA MASSEY, and  :
DANIELLE SOLECKI, Individually and on Behalf :
of All Other Persons Similarly Situated,      :     Case No.:
                                 :
            Plaintiff,       :
                                 :     COMPLAINT AND
      -against-         :     <u>JURY DEMAND</u>
                                 :
BURLINGTON STORES, INC.,         :
BURLINGTON COAT FACTORY       :
WAREHOUSE CORPORATION,        :
BURLINGTON COAT FACTORY       :
INVESTMENT HOLDINGS, INC.,       :
and BURLINGTON COAT FACTORY     :
HOLDINGS, LLC f/k/a BURLINGTON COAT :
FACTORY HOLDINGS, INC.,         :
                                 :
            Defendants.    :
------------------------------------------------------------X

## <u>INTRODUCTION</u>

      Plaintiffs Barbara Kawa, Theresa Massey, and Danielle Solecki (hereafter, "Plaintiffs"),

individually and on behalf of all others similarly situated, file this Complaint and Jury Demand

against Defendants Burlington Stores, Inc., Burlington Coat Factory Warehouse Corporation,

Burlington Coat Factory Investment Holdings, Inc., and Burlington Coat Factory Holdings, LLC

f/k/a Burlington Coat Factory Holdings, Inc. (together "Burlington" or "Defendants") seeking all

available relief under the California Labor Code ("CLC") §§ 201, 202, 203, 218.5, 226, 226.7,

510, 512, 1194, the California Business and Professional Code, UCL § 17200 *et seq.*, the

supporting Industrial Welfare Commission ("IWC") Wage Order, Illinois Minimum Wage Law

("IMWL"), 820 Illinois Compiled Statutes ("ILCS") §§ 105/1 *et seq.*, New York Labor Law

("NYLL") Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor

Regulations.  The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.     This action is brought on behalf of Plaintiffs and other current and former "assistant store managers" ("ASMs") including operations, merchandise and customer service logistics managers, and individuals holding comparable salaried positions with different titles employed by Defendants in California, Illinois, and New York.

2.     Burlington is a nationwide retail department store chain that sells high quality, branded apparel.

3.     Burlington has misclassified Plaintiffs and the California, Illinois, and New York Classes as exempt employees under California, Illinois, and New York State wage and hour laws and failed to pay them overtime compensation for all the hours they worked in excess of 40 hours per workweek as required by California, Illinois, and New York wage and hour laws.

4.     Plaintiffs, pursuant to Fed. R. Civ. P. 23, allege on behalf of themselves and the members of the California, Illinois, and New York Classes, that they are entitled to: (i) unpaid wages and liquidated damages from Defendants for all hours they worked in excess of 40 hours per workweek as required California, Illinois, and New York wage and hour laws; (ii) unpaid wages and damages for Defendants' failure to provide the required rest and meal breaks in California; (iii) penalties under California wage and hour laws for Defendants' failure to provide the required itemized wage statements in California; and (iv) penalties under NYLL §§ 198(1)(b) and 198(1)(d) due to Defendants' willful failure to comply with the notice and recordkeeping requirements of NYLL §§ 195(1) and 195(3).

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiffs' California, Illinois, and New York wage and hour claims pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act.

6.      At least one member of the proposed Classes is a citizen of a state different from that of Defendants, and the amount in controversy for each claim exceeds $5,000,000, exclusive of interest and costs.

7.      Defendants are subject to personal jurisdiction in the State of New Jersey.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants' principal place of business is in this District.

9.      The Class claims involve matters of national or interstate interest.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiffs*

11.     Plaintiff Kawa was, at all relevant times, an adult individual residing in East Peoria, Illinois.

12.     Plaintiff Kawa was employed by Defendants as an ASM from approximately June 12, 2011 until approximately 2013 in Defendants' store located in Peoria, Illinois.

13.     Plaintiff Massey was, at all relevant times, an adult individual residing in Sacramento, California.

14.      Plaintiff Massey was employed as an ASM by Defendants from approximately June 2008 until approximately March 2011 in Defendants' stores located in Citrus Heights and Woodland, California.

15.      Plaintiff Solecki was, at all relevant times, an adult individual residing in Buffalo, New York.

16.      Plaintiff Solecki was employed as an ASM by Defendants from approximately November 2009 until February 2011 in Defendants' store located in Cheektowaga, New York.

17.      At all relevant times, Plaintiffs and the members of the California, Illinois, and New York Classes worked in excess of 40 hours per workweek without receiving wages from Defendants for all the hours they worked, and without receiving overtime compensation as required by California, Illinois, and New York wage and hour laws.

*Defendants*

18.      Burlington Stores, Inc. is a national off-price apparel, home and baby products retailer, operating over 500 stores in the United States and Puerto Rico and approximately 44 stores in the State of California, 26 stores in the State of Illinois, and 25 stores in the State of New York.  Burlington Stores, Inc. is a publicly traded Delaware corporation with its principal place of business at 1830 Route 130, North Burlington, New Jersey 08016.

19.      Upon information and belief, Defendant Burlington Coat Factory Warehouse Corporation, a wholly owned subsidiary of Defendant Burlington Coat Factory Investment Holdings, Inc., is a Delaware corporation with its principal place of business at 1830 Route 130, North Burlington, New Jersey 08016.

20.      Upon information and belief, Defendant Burlington Coat Factory Investment Holdings, Inc., a wholly owned subsidiary of Defendant Burlington Coat Factory Holdings,

LLC, is a Delaware corporation with its principal place of business at 1830 Route 130, North Burlington, New Jersey 08016.

21.     Upon information and belief, Defendant Burlington Coat Factory Holdings, LLC, f/k/a Burlington Coat Factory Holdings, Inc., is an indirect, wholly owned subsidiary of Burlington Stores, Inc. with its principal place of business at 1830 Route 130, North Burlington, New Jersey 08016.

22.     Defendants were and are doing business in New Jersey, including at their corporate headquarters located at 1830 Route 130, North Burlington, New Jersey 08016 and at their retail store locations throughout the states of California, Illinois, New Jersey, and New York.

23.     At all relevant times, Defendants have employed Plaintiffs and the members of the California, Illinois, and New York Classes within the meaning of California, Illinois, and New York wage and hour laws.

24.     Defendants are covered employers within the meaning of California, Illinois, and New York wage and hour laws.

25.     Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employees within the meaning of California, Illinois, and New York wage and hour laws, and/or were otherwise legally responsible in some way for the matters alleged herein, and proximately caused Plaintiffs and the members of the California, Illinois, and New York Classes to be subject to the unlawful pay practices described in this Complaint.

26.     Defendants issued paychecks to Plaintiffs and all similarly situated ASMs in California, Illinois, and New York during their employment.

5

27.     Defendants directed the work of Plaintiffs and the members of the California, Illinois, and New York Classes, and benefited from work performed that Defendants suffered or permitted from them.

28.     Plaintiffs and the members of the California, Illinois, and New York Classes worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the California, Illinois, and New York wage and hour laws.

29.     Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiffs and the members of the California, Illinois, and New York Classes proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

30.     Defendants employed Plaintiffs and the members of the California, Illinois, and New York Classes as ASMs.

31.     Defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices with respect to Plaintiffs and the members of the California, Illinois, and New York Classes.

32.     Plaintiffs' and the California, Illinois, and New York Class Members' work as ASMs was performed in the normal course of Defendants' business and was integrated into it.

33.     Consistent with Defendants' policy, pattern and/or practice, Plaintiffs and the members of the California, Illinois, and New York Classes regularly worked in excess of 40 hours per workweek without being paid overtime wages.

34.     The number of shifts and hours that Plaintiffs and each member of the California, Illinois, and New York Classes worked per week can be ascertained from Defendants' records.

6

35.     Defendants assigned and are aware of all of the work that Plaintiffs and the members of the California, Illinois, and New York Classes have performed at Defendants' stores.

36.     The work Plaintiffs and the members of the California, Illinois, and New York Classes performed for Defendants required little skill and no capital investment, and did not include managerial responsibilities or the exercise of meaningful discretion and independent judgment.

37.     Starting from four years prior to the filing of this Complaint in California (the "California Class Action Period"), three years prior to the filing of this Complaint in Illinois (the "Illinois Class Action Period"), and six years prior to the filing of this Complaint in New York (the "New York Class Action Period"), Plaintiffs and the members of the California, Illinois, and New York Classes performed the same primary job duties while employed as ASMs by Defendants: building displays, stocking shelves, assisting customers, unpacking merchandise, stocking merchandise, cleaning the store, unloading trucks, organizing the store according to detailed corporate directives called planograms, performing recovery tasks (i.e., restocking and resetting the merchandise) and operating cash registers.

38.     Throughout the California, Illinois, and New York Class Action Periods, and continuing to the present, the primary job duties of Plaintiffs and the members of the California, Illinois, and New York Classes did not include hiring, firing, disciplining, directing the work of other employees, or exercising meaningful discretion or independent judgment.

39.     Plaintiffs and the California, Illinois, and New York Class Members cannot independently hire or terminate employees, nor are any recommendations or suggestions they may give about the change of status of other employees given particular weight.

40.     Plaintiffs and the members of the California, Illinois, and New York Classes cannot set the rate of pay for employees.

41.     Plaintiffs and the California, Illinois, and New York Class Members cannot increase or decrease the compensation of other employees.

42.     Plaintiffs and the members of the California, Illinois, and New York Classes do not control the labor budget.

43.     Plaintiffs and the members of the California, Illinois, and New York Classes cannot deviate from Defendants' planograms – the directives as to where merchandise is placed in the store – without prior approval from Defendants' Regional Managers.

44.     Plaintiffs and the members of the California, Illinois, and New York Classes cannot decide what products are sold in Defendants' stores.

45.     Plaintiffs and the members of the California, Illinois, and New York Classes cannot set the prices for the products sold in Defendants' stores.

46.     Plaintiffs and the members of the California, Illinois, and New York Classes cannot deviate from Defendants' policies and procedures without prior approval from Defendants' regional management team, and Defendants' policies and procedures constrain them from managing or exercising discretion sufficient to support Defendants' classification of these individuals as exempt employees under California, Illinois, and New York wage and hour laws.

47.     The primary job duties of Plaintiffs and the California, Illinois, and New York Class Members did not materially differ from the duties of Defendants' non-exempt hourly paid employees, whose primary duties were manual in nature.  The performance of manual labor and non-exempt duties occupied the majority of Plaintiffs' and California, Illinois, and New York Class Members' working hours.

48.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Plaintiffs and the members of the California, Illinois, and New York Classes as exempt from the overtime requirements of the applicable California, Illinois, and New York wage and hour laws.

49.     Defendants knew or recklessly disregarded the fact that ASMs, including Plaintiffs and the members of the California, Illinois, and New York Classes, primarily perform non-exempt job duties such as stocking, cashiering, unloading trucks, customer service, and cleaning the stores.

50.     Any analysis, investigation or time study performed by Defendants to determine the primary job duties of the Plaintiffs and the members of the California, Illinois, and New York Classes indicated that they were improperly classified as exempt under the applicable California, Illinois and New York wage and hour laws.

51.     Defendants also did not perform a person-by-person analysis of the job duties of Plaintiffs and the members of the California, Illinois, and New York Classes to determine whether they are or were properly classified as exempt from the overtime requirements of the applicable California, Illinois, and New York wage and hour laws.

52.     Defendants set the labor budgets for the stores in which Plaintiffs and the California, Illinois, and New York Class Members worked.

53.     Defendants did not provide sufficient resources and/or payroll hours in the labor budgets for non-exempt employees to complete all of the non-exempt tasks that needed to be accomplished in each store.  Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources and payroll hours in store labor budgets resulted in Plaintiffs and the members of the California, Illinois, and New York Classes working more than 40 hours in a

workweek, and primarily performing manual and non-exempt duties during their workweeks. This practice allowed Defendants to avoid paying overtime wages to the non-exempt store-level employees.

54.     Defendants acted willfully, and knew by virtue of the fact that their Store Managers and Regional Managers (as their authorized agents) observed Plaintiffs and members of the California, Illinois, and New York Classes primarily perform manual labor and non-exempt tasks, that one result of Defendants underfunded labor budgets limited the amount of money available to pay non-exempt employees to perform such non-exempt work.

55.     As an experienced retailer operating over 500 stores throughout the country, Defendants knew or recklessly disregarded the fact that by underfunding the labor budgets for their store locations, Plaintiffs and the members of the California, Illinois, and New York Classes were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with the exemptions to the overtime requirements of California, Illinois, and New York wage and hour laws.  Inasmuch as Defendants are substantial corporate entities aware of their obligations under these laws, they, accordingly, acted willfully or recklessly, in failing to classify Plaintiffs and the members of the California, Illinois, and New York Classes, as non-exempt employees.

56.     Defendants' unlawful conduct, as described in this Complaint, was willful and/or in reckless disregard of California, Illinois, and New York wage and hour laws, and was done pursuant to Defendants' centralized, company-wide policy, pattern and/or practice of attempting to minimize labor costs.

57.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern and/or practice of violating California, Illinois, and

New York wage and hour laws with respect to Plaintiffs and the members of the California, Illinois, and New York Classes.  This policy, pattern and/or practice includes, but is not limited to, the above-described knowledge of Defendants' obligations and the kind of work that Plaintiffs and the members of the California, Illinois, and New York Classes were and have been performing.  As a result, Defendants have been:

      a.  willfully misclassifying Plaintiffs and the California, Illinois, and New York Class Members as exempt from the overtime requirements under California, Illinois, and New York wage and hour laws;

      b.  willfully failing to pay Plaintiffs and the members of the California, Illinois, and New York Classes overtime wages for hours they worked in excess of 40 hours per week; and

      c.  willfully failing to provide enough money and resources in their store-level labor budgets for Defendants' non-exempt employees to perform their duties and responsibilities, thereby forcing Defendants' exempt ASMs, specifically, Plaintiffs and the California, Illinois, and New York Class Members, to perform such non-exempt tasks.

58.  During the course of the California, Illinois, and New York Class Action Periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as required under the California, Illinois, and New York law.  Defendants' failure to post or keep a notice posted explaining the minimum wage and overtime wage laws was willful or in reckless disregard of Plaintiffs' and members of the California, Illinois, and New York Classes' rights under those states' wage and hours laws.

11

59.     Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiffs and the members of the California, Illinois, and New York Classes in excess of 40 hours per workweek was willful and has been widespread, repeated, and consistent.

## CALIFORNIA CLASS ACTION ALLEGATIONS

60.     Plaintiff Massey brings her CLC class claims on behalf of herself and a class of persons under Fed. R. Civ. P. 23, consisting of all persons in the California Class, as defined in Paragraph 1 above, who work or have worked for Defendants from May 1, 2011 to the date of final judgment in this action.

61.     The persons in the California Class identified above are so numerous that joinder of all members is impracticable.  Although Plaintiff does not know the precise number of such persons, upon information and belief, there are more than 100 California Class Members, and the facts on which the calculation of that number can be based are presently within the sole control of Defendants and are ascertainable.

62.     Defendants have acted or refused to act on grounds generally applicable to the California Class, making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the California Class as a whole.

63.     There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

    a.   whether Defendants failed and/or refused to pay Plaintiff Massey and the California Class overtime pay for the hours they worked in excess of 40 hours per workweek within the meaning of CLC §§ 510, 1194, and IWC Wage Order 7-2001;

b.   whether Defendants failed to pay Plaintiff Massey and the California Class for all hours they worked;

c.   whether Defendants failed to pay Plaintiff Massey and all other terminated California Class members the wages which they were owed;

d.   whether Plaintiff Massey and the California Class were expected or mandated to regularly work during meal breaks and/or rest breaks;

e.   whether Defendants failed to provide Plaintiff Massey and the California Class with meal and/or rest breaks as required by law;

f.   whether Defendants failed to provide Plaintiff Massey and the California Class with accurate, itemized wage statements;

g.   the nature and extent of the class-wide injury and the appropriate measure of damages for the California Class;

h.   whether Defendants have a policy of misclassifying California ASMs as exempt from coverage of the overtime provisions of the CLC;

i.   whether Defendants' policy of misclassifying ASMs employed in California was willful; and

j.   whether Defendants can prove that their unlawful policies as applied to members of the California Class were implemented in good faith.

64.   Plaintiff Massey's claims are typical of the claims of the California Class she seeks to represent.  Plaintiff Massey and the members of the California Class work or have worked for Defendants as ASMs in retail stores located in California, have not been provided and were mandated to work during required meal and rest breaks, and have not been paid overtime wages for the hours they have worked in excess of 40 per week.

13

65.     By misclassifying California ASMs as exempt and failing to provide California ASMs with meal or rest periods in accordance with the CLC and IWC Order, Defendants have acted and/or refused to act on grounds generally applicable to the California Class.

66.     Plaintiff Massey will fairly and adequately represent and protect the interests of the California Class.

67.     Plaintiff Massey has retained counsel competent and experienced in complex class actions and in wage and hour litigation.

68.     A class action is superior to other available methods for the fair and efficient adjudication of this wage and hour litigation, where individual plaintiffs may lack the financial resources to prosecute vigorously a lawsuit in federal court against a corporate defendant.

69.     Plaintiff Massey and the members of the California Class have been damaged and are entitled to recover damages from Defendants because of their common and uniform policies, practices and procedures.  Although the relative damages suffered by individual members of the California Class are not *de minimus*, such damages are small compared to the expense and burden of bringing individual cases.

70.     Class treatment is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

## ILLINOIS CLASS ACTION ALLEGATIONS

71.     Plaintiff Kawa brings her IMWL claims on behalf of herself and a class of persons under Fed. R. Civ. P. 23, consisting of all persons in the Illinois Class, as defined in Paragraph 1 above, who work or have worked for Defendants from May 1, 2011 to the date of final judgment in this action.

72.     The persons in the Illinois Class are so numerous that joinder of all members is impracticable.  Although Plaintiff Kawa does not know the precise number of such persons, upon information and belief, there are more than 75 Illinois Class Members, and the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and are ascertainable.

73.     Defendants have acted or refused to act on grounds generally applicable to the Illinois Class, making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Illinois Class as a whole.

74.     There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

   a.   whether Defendants failed and/or refused to pay Plaintiff Kawa and the Illinois Class overtime pay for the hours they worked in excess of 40 hours per workweek within the meaning of IMWL, 820 ILCS §§ 105/1 *et seq.*;

   b.   the nature and extent of the class-wide injury and the appropriate measure of damages for the Illinois Class;

   c.   whether Defendants have a policy of misclassifying Illinois ASMs as exempt from coverage of the overtime provisions of the IMWL;

   d.   whether Defendants' policy of misclassifying ASMs employed in Illinois was willful; and

   e.   whether Defendants can prove that their unlawful policies as applied to members of the Illinois Class were implemented in good faith.

75.     Plaintiff Kawa's claims are typical of the claims of the Illinois Class she seeks to represent.  Plaintiff Kawa and the Illinois Class work or have worked for Defendants as ASMs in retail stores located in Illinois and have not been paid overtime wages for the hours they have worked in excess of 40 per week.

76.     By misclassifying ASMs in Illinois as exempt from the IMWL's overtime protections, Defendants have acted and/or refused to act on grounds generally applicable to the Illinois Class.

77.     Plaintiff Kawa will fairly and adequately represent and protect the interests of the Illinois Class.

78.     Plaintiff Kawa has retained counsel competent and experienced in complex class actions and in wage and hour litigation.

79.     A class action is superior to other available methods for the fair and efficient adjudication of this wage and hour lawsuit, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

80.     Plaintiff Kawa and the members of the Illinois Class have been damaged and are entitled to recover damages from Defendants because of their common and uniform policies, practices and procedures.  Although the relative damages suffered by individual Illinois Class Members are not *de minimus*, such damages are small compared to the expense and burden of bringing individual cases.

81.     Class treatment is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

## **NEW YORK CLASS ACTION ALLEGATIONS**

82.     Plaintiff Solecki brings her NYLL claims on behalf of herself and a class of persons under Fed. R. Civ. P. 23, consisting of all persons in the New York Class, as defined in Paragraph 1 above, who work or have worked for Defendants from May 1, 2008 to the date of final judgment in this action.

83.     The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although Plaintiff Solecki does not know the precise number of such persons, upon information and belief, there are more than 75 New York Class Members, and the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and are ascertainable.

84.     Defendants have acted or refused to act on grounds generally applicable to the New York Class, making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the New York Class as a whole.

85.     There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.     whether Defendants failed and/or refused to pay Plaintiff Solecki and the New York Class overtime pay for the hours they worked in excess of 40 hours per workweek, within the meaning of NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b.     whether Defendants willfully failed to comply with the notice and recordkeeping requirements of NYLL §§195(1) and 195(3);

   c.   the nature and extent of the class-wide injury and the appropriate measure of damages for the New York Class;

   d.   whether Defendants have a policy of misclassifying New York ASMs as exempt from coverage of the overtime provisions of the NYLL;

   e.   whether Defendants' policy of misclassifying ASMs employed in New York was willful; and

   f.   whether Defendants can prove that their unlawful policies, as applied to the members of the New York Class, were implemented in good faith.

86.   Plaintiff Solecki's claims are typical of the claims of the New York Class she seeks to represent. Plaintiff and the New York Class work or have worked for Defendants as ASMs in retail stores located in New York and have not been paid overtime wages for the hours they have worked in excess of 40 per week.

87.   By misclassifying ASMs employed in New York as exempt from the NYLL's overtime protections, Defendants have acted and/or refused to act on grounds generally applicable to the New York Class.

88.   Plaintiff Solecki will fairly and adequately represent and protect the interests of the New York Class.

89.   Plaintiff Solecki has retained counsel competent and experienced in complex class actions and in wage and hour litigation.

90.   A class action is superior to other available methods for the fair and efficient adjudication of this wage and hour lawsuit, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

91.     Plaintiff Solecki and the members of the New York Class have been damaged and are entitled to recover damages from Defendants because of their common and uniform policies, practices and procedures. Although the relative damages suffered by individual New York Class Members are not *de minimus*, such damages are small compared to the expense and burden of bringing individual cases.

92.     Class treatment is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments regarding Defendants' practices.

### FIRST CLAIM FOR RELIEF
### CALIFORNIA LABOR CODE §§ 510, AND 1194
### FAILURE TO PAY OVERTIME COMPENSATION
### (Brought on Behalf of Plaintiff Massey and the Members of the
### California Class Against all Defendants)

93.     Plaintiff Massey, on behalf of herself and all California Class Members, realleges and incorporates by reference paragraphs 1-70 as if set forth again.

94.     The overtime wage provisions of CLC §§ 510, 1194, and IWC Order 7-2001 apply to Defendants.

95.     For the four (4) years preceding the filing of this lawsuit, pursuant to CLC §§ 510, 1194, and IWC Order 7-2001, Defendants were required to compensate Plaintiffs and the members of the California Class for all overtime wages, calculated at one and one-half times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

96.     Defendants classified Plaintiff Massey and all California Class Members as exempt employees, and failed to pay them overtime wages.  By virtue of Defendants' failure to pay them for overtime wages for all hours worked in excess of 40 hours per week, Defendants willfully violated CLC §§ 510, 1194 and IWC Order 7-2001.

97.     As a result of Defendants' policy and/or practice to minimize labor costs by providing their stores with an underfunded labor budget, Defendants knew or recklessly disregarded the fact that Plaintiff Massey and the California Class Members' performed primarily manual labor and non-exempt tasks.

98.     Due to Defendants' (1) failure to provide enough labor budget funds, (2) failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff Massey and the California Class Members, (3) actual knowledge, through their Store Managers and Regional Managers, that the primary duties of Plaintiff Massey and the California Class Members consisted of manual labor and other non-exempt tasks, (4) failure to perform a person-by-person analysis of Plaintiff Massey and the California Class Members' job duties to ensure that they were primarily performing exempt job duties, and (5) failure to post or keep a notice posted explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard whether their conduct was prohibited by the CLC and IWC.

99.     As a result of Defendants' willful violations of the CLC and IWC, Plaintiff Massey and the California Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and prejudgment and post-judgment interest.

### SECOND CLAIM FOR RELIEF
### CALIFORNIA LABOR CODE §§ 201, 202 AND 203
### FAILURE TO PAY WAGES AFTER TERMINATION OF EMPLOYMENT
### (Brought on Behalf of Plaintiff Massey and the Members of the California Class Against all Defendants)

100.     Plaintiff Massey, on behalf of herself and all California Class Members, realleges and incorporates by reference paragraphs 1-70 as if set forth again.

101.    At all relevant times, Plaintiff Massey and the California Class were employed by Defendants.

102.    Within the applicable time period, prior to the filing of this Complaint, Defendants willfully failed to pay wages to Plaintiff Massey, and other members of the California Class when due, upon termination of their employment. Plaintiff Massey and other former California ASMs are entitled to 30 days of penalty wages for each pay period when wages were not paid as required by California law, including but not limited to CLC §§ 201, 202, and 203.

103.    Plaintiff Massey and similarly situated members of the California Class seek penalty wages for the applicable time period prior to filing this Complaint, plus costs, interest, disbursements, and attorneys' fees pursuant to California Law, including but not limited to CLC §§ 218.5 and 218.6.

**THIRD CLAIM FOR RELIEF**
**CALIFORNIA LABOR CODE § 226.7**
**FAILURE TO PROVIDE REQUIRED REST PERIODS**
**(Brought On Behalf of Plaintiff Massey and the Members of the**
**California Class Against all Defendants)**

104.    Plaintiff Massey, on behalf of herself and all California Class Members, realleges and incorporates by reference paragraphs 1-70 as if set forth again.

105.    During all relevant times, Defendants required Plaintiff Massey and the members of the California Class to work through rest breaks, and did not provide them with the required rest periods.

106.    Pursuant to CLC §226.7 and IWC Order 7-2001, Defendants are required to provide uninterrupted 10 minute rest periods to their employees every 4 hours worked or major fraction thereof.  Furthermore, Defendants are required to pay 1 extra hour of compensation at

the employee's regular rate of compensation for each workday in which a complete 10 minute rest period is not provided.

107.    Plaintiff Massey and the members of the California Class are not exempt from the rest period requirements of CLC § 226.7 and IWC Order 7-2001.

108.    During the Class Period, Defendants routinely failed to provide Plaintiff Massey and the California Class with rest periods during their work shifts, and failed to compensate them for those rest periods when not provided, as required by CLC § 226.7 and IWC Order 7-2001.

109.    Upon information and belief, Defendants' company-wide practices prevented, impeded, or dissuaded Plaintiff Massey and the members of the California Class from taking rest breaks.

110.    In violation of California wage and hour law, Defendants knowingly and willfully refused to perform their obligations to provide required rest periods, and/or to provide compensation when rest periods were not provided.

111.    As a direct result, Plaintiff Massey and the members of the California Class suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, and lost interest on such wages.

112.    Plaintiff Massey and the members of the California Class are entitled to recover the unpaid balance of compensation due, wages owed, interest, statutory penalties, and attorneys' fees and costs pursuant to CLC §§ 218.5 and 218.6.

**FOURTH CLAIM FOR RELIEF**
**CALIFORNIA LABOR CODE § 226.7 AND 512**
**FAILURE TO PROVIDE REQUIRED MEAL PERIODS**
**(Brought On Behalf of Plaintiff Massey and the Members of the**
**California Class Against all Defendants)**

113.    Plaintiff Massey, on behalf of herself and all California Class Members, realleges and incorporates by reference paragraphs 1-70 as if set forth again.

114.    During all relevant times, pursuant to California Labor Code §§ 226.7, 512, and IWC Order 7-2001, Defendants were required to provide an uninterrupted 30-minute meal period to any employee who works a shift of more than 5 hours per day, and a second uninterrupted 30-minute meal period to any employee who works a shift of more than 10 hours per day.  Defendants were also required to pay 1 hour of pay for each workday that the meal period is not provided.

115.    Plaintiff Massey and the members of the California Class are not exempt from the meal period requirements of CLC §§ 226.7, 512, and IWC Order 7-2001.

116.    During the California Class Period, Defendants routinely failed to provide Plaintiff Massey and the members of the California Class with uninterrupted 30-minute meal periods during their work shifts, and failed to compensate them for those meal periods, as required by CLC §§ 226.7 and 512.

117.    During the California Class Period, Defendants also did not provide on-duty meal periods, or obtain written agreement to an on- duty meal period.  Further, Plaintiff Massey and the members of the California Class did not consent to a mutually agreed-upon waiver of the meal period if one or less will end the shift.

118.    Upon information and belief, Defendants did not offer meal periods to Plaintiff

Massey and the members of the California Class, and company-wide practices prevented, impeded, or dissuaded California ASMs from taking meal or rest breaks.

119.    In violation of California state law, Defendants knowingly and willfully refused to perform their obligations to provide or offer required meal periods, and did not provide compensation when meal periods were not provided.  As a direct result, Plaintiffs suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, and lost interest on such wages.

120.    Plaintiffs are entitled to recover the unpaid balance of compensation due, interest, statutory penalties, and attorneys' fees and costs pursuant to CLC §§ 218.5 and 218.6.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ITEMIZED WAGE STAMTENET IN VIOLATION OF**
**IWC WAGE ORDER 7-2001 AND CLC § 226(a)**
**(Brought On Behalf of Plaintiff Massey and the Members of the**
**California Class  Against all Defendants)**

121.    Plaintiff Massey, on behalf of herself and all Members of the California Class, reallege and incorporate by reference paragraphs 1-70 as if they were set forth again.

122.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff Massey and the members of the California Class in accordance with CLC § 226(a) and IWC Wage Order 7-2001.  Such failure caused injury to Plaintiff Massey and the members of the California Class by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

123.    Plaintiff Massey and the members of the California Class are entitled to and seek injunctive relief requiring Defendants to comply with CLC § 226(a), and further seek the amount provided under CLC § 226, including the greater amount of all actual damages

according to proof or $50 for the initial pay period in which a violation occurs and $100 per

employee for each violation in or subsequent pay period.

**SIXTH CLAIM FOR RELIEF**
**CALIFORNIA UNFAIR COMPETITION LAW § 17200**
**UNLAWFUL BUSINESS PRACTICES**
<u>**(Brought On Behalf of Plaintiff Massey and the Members of the**</u>
<u>**California Class Against all Defendants)**</u>

124.    Plaintiff Massey, on behalf of herself and all members of the California Class,

realleges and incorporates by reference paragraphs 1-70 as if set forth again.

125.    The foregoing conduct, as alleged, violates California Unfair Competition Law

("UCL"), California Business and Professions Code § 17200, *et seq.,* which prohibits unfair

competition by prohibiting any unlawful or unfair business acts or practices.

126.    During the California Class Period (four years prior to the date of filing this

Complaint, up to and including the date of judgment), Defendants committed, and continue to

commit, acts of unfair competition, as defined by the UCL, by, among other things, failing to

comply with California wage and hour laws, as described herein.  Defendants' conduct as

alleged has injured Plaintiff Massey and the members of the California Class by wrongfully

denying them earned wages.

127.    Defendants engaged in unfair competition in violation of the UCL by violating,

*inter alia,* CLC §§ 201, 202, 203, 218.5, 226, 226.7, 510, 512, 1194.

128.    Each of these violations constitutes an independent and separate violation of the

UCL.

129.    Defendants' course of conduct, acts, and practices, in violation of the California

wage and hour laws, constitute separate and independent violations of the UCL.  Defendants'

course of conduct, acts and practices, described herein, violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

130.    The harm to Plaintiff Massey and the members of the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

131.    The unlawful and unfair business practices and acts of Defendants, as described above, have injured Plaintiff Massey and the California Class in that they were wrongfully denied the payment of earned wages.

132.    Plaintiff Massey and the California Class seek attorneys' fees and costs of this action to be paid by Defendants as provided by the UCL and CLC, as well as damages in the amount of the respective unpaid wages earned.

**SEVENTH CLAIM FOR RELIEF**
**IMWL:  UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiff Kawa and the Illinois Class Members**
**Against all Defendants)**

133.    Plaintiff Kawa, on behalf of herself and all Illinois Class Members, realleges and incorporates by reference paragraphs 1-59, 71-81 as if set forth again herein.

134.    Defendants failed to pay Plaintiff Kawa and the Illinois Class Members overtime wages at a rate of no less than one and one-half times their regular pay to which they are entitled to under IMWL.

135.    By virtue of Defendants' failure to pay Plaintiff Kawa and the members of the Illinois Class overtime wages for all hours worked in excess of 40 hours per week, Defendants have willfully violated IMWL § 105/4a.

136.    As a result of Defendants' policy and/or practice to minimize labor costs by providing their stores with an underfunded labor budget, Defendants willfully caused Plaintiff Kawa and the members of the Illinois Class to perform primarily manual labor and non-exempt tasks.

137.    Due to Defendants' (1) failure to provide enough labor budget funds, (2) failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff Kawa and the Illinois Class Members, (3) actual knowledge, through their Store Managers and Regional Managers, that the primary duties of Kawa and the members of the Illinois Class were manual labor and other non-exempt tasks, (4) failure to perform a person-by-person analysis of Plaintiff Kawa's and the Illinois Class Members' job duties to ensure that they were primarily performing exempt job duties, and (5) failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard whether their conduct was prohibited by the IMWL.

138.    As a result of Defendants' willful violations of the IMWL, Plaintiff Kawa and the members of the Illinois Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and prejudgment and post-judgment interest.

## EIGHTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW:  UNPAID OVERTIME WAGES
## (Brought on Behalf of Plaintiff Solecki and the Members of the
## New York Class Against all Defendants)

139.    Plaintiff Solecki, on behalf of herself and all members of the New York Class, realleges and incorporates by reference paragraphs 1-59, 82-92 as if set forth again.

140.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

27

141.     Defendants failed to pay Plaintiff Solecki and the New York Class overtime wages to which they are entitled under the NYLL.

142.     By virtue of Defendants' failure to pay Plaintiff Solecki and the members of the New York Class overtime wages for all hours worked in excess of 40 hours per week, Defendants have willfully violated NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

143.     As a result of Defendants' policy and/or practice to minimize labor costs by providing their stores with an underfunded labor budget, Defendants willfully caused Plaintiff Solecki and the members of the New York Class to perform primarily manual labor and non-exempt tasks.

144.     Due to Defendants' (1) failure to provide enough labor budget funds, (2) failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff Solecki and the members of the New York Class, (3) actual knowledge, through their Store Managers and Regional Managers, that the primary duties of Plaintiff Solecki and the members of the New York Class were manual labor and other non-exempt tasks, (4) failure to perform a person-by-person analysis of Plaintiff Solecki's and the New York Class Members' job duties to ensure that they were primarily performing exempt job duties, and (5) failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements,  Defendants knew and/or showed reckless disregard whether their conduct was prohibited by the NYLL.

145.     As a result of Defendants' willful violations of the NYLL, Plaintiff Solecki and the members of the New York Class are entitled to recover from Defendants their unpaid

overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and prejudgment and post-judgment interest.

### NINTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: FAILURE TO COMPLY WITH NOTICE AND RECORDKEEPING REQUIREMENTS
### (Brought on Behalf of Plaintiff Solecki and All Members of the New York Class Against all Defendants)

146.    Plaintiff Solecki, on behalf of herself and all members of the New York Class Members, realleges and incorporates by reference paragraphs 1-59, 82-92 as if set forth again.

147.    NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least three years, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

148.    NYLL § 661 requires that Defendants maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

149.    12 N.Y.C.R.R. § 142-2.6 requires that Defendants establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

150.    NYLL § 195(3) requires that Defendants furnish each of their employees with a statement with every payment listing gross wages, deductions and net wages, and, upon request of an employee, an explanation of the computation of wages.

151.    N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

29

152.    Defendants did not provide Plaintiff Solecki and the members of the New York Class with the requisite notices and statements as described above.

153.    As a result of Defendants' failure to comply with the notice and recordkeeping requirements of NYLL §195(1) and 195(3), Plaintiff Solecki and the members of the New York Class are entitled to recover from Defendants all penalties provided by NYLL §§ 198(1)(b) and 198(1)(d).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs and the members of the California, Illinois, and New York Classes are entitled to and pray for the following relief:

a.    An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the California, Illinois, and New York wage and hour laws using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

b.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to the California, Illinois, and New York wage and hour laws;

c.    An award of penalty wages, costs, and interest under California wage and hour laws for Defendants' failure to pay Plaintiff Massey and the members of the California Class wages upon termination of their employment;

d.    An award amounting to the unpaid balance of compensation due to Plaintiff Massey and the members of the California Class for Defendants' failure to

provide them with the statutorily required meal and rest breaks pursuant to California wage and hour laws and IWC Order 7-2001;

e.  Penalties under NYLL §§ 198(1)(b) and 198(1)(d) for the Defendants' failure to comply with the notice and recordkeeping requirements of NYLL §§ 195(1) and 195(3);

f.  Certification of the claims in this case brought under state law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

g.  Designation of Plaintiffs Massey, Kawa, and Solecki as representatives of the California, Illinois, and New York Classes, respectively, and counsel of record as Class Counsel;

h.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under California, Illinois, and New York wage and hour laws, the supporting New York State Department of Labor regulations, and California Wage Order;

i.  Injunctive relief, pursuant to the California, Illinois, and New York wage and hour laws, enjoining Defendants from engaging in the practices alleged herein;

j.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to Plaintiffs;

l.  An award of prejudgment and post-judgment interest; and

m.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Rye Brook, New York
        May 1, 2014

**KLAFTER OLSEN & LESSER LLP**

By   s/Seth R. Lesser_____
        Seth R. Lesser
Fran L. Rudich*
Michael J. Palitz
Rachel Berlin*
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone:     (914) 934-9200

Michael A. Galpern
Andrew P. Bell
Priscilla Jimenez
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
Telephone:     (856) 663-8200

*Attorneys for Plaintiff and Putative Class*

*to apply for admission *pro hac vice*